



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JOHN PATRICK MUSHOLT,<br><br>Debtor. | Case No. 13-26304-B-7<br><br>Adversary No. 13-2246-B |
| JUNE KANAWYER,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PATRICK MUSHOLT,<br><br>Defendant. | Date: May 21, 2014<br>Time: 9:30 a.m.<br>Place: Courtroom 32<br>Sixth Floor<br>U.S. Courthouse<br>501 I Street<br>Sacramento, CA 95814<br><br>**MEMORANDUM DECISION** |

The above-captioned adversary proceeding came for hearing for a status conference on May 21, 2014, at 9:30 a.m. Appearances are noted on the record. After oral argument the court concluded the status conference and issued a scheduling order (Dkt. 48). At oral argument the court also made findings of fact and conclusions of law and determined that the following claims for relief (the "State Law Claims") alleged in the plaintiff's first amended complaint (the "FAC") filed March 5, 2014 (Dkt. 39) will be dismissed from the adversary proceeding without prejudice:

1. The plaintiff's request that the court order the defendant to pay an alleged monthly spousal support obligation owed to the plaintiff consisting of payment of the loan secured by the first deed of trust on the plaintiff's residence (FAC, ¶ 2);

2. The plaintiff's request that the court order the defendant to bring current an escrow account for the payment of taxes and insurance associated with the loan secured by the first deed of trust on the plaintiff's residence (FAC, ¶ 3);

3. The plaintiff's request that the defendant be ordered to pay a delinquent tax bill owed to the California State Board of Equalization (FAC, ¶ 3);

4. The plaintiff's request that the defendant be ordered to provide unspecified "financial disclosure documents" (FAC, ¶ 4).

5. The plaintiff's request that the court order the debtor to provide written assurance that she will not be held financially responsible for certain debts (FAC, ¶ 5);

6. The plaintiff's request that the defendant be

ordered to assume responsibility for paying the loan secured by the second deed of trust on the plaintiff's residence (FAC, ¶ 6);

7. The plaintiff's request that the defendant be ordered to pay for the installation of a 500 gallon propane tank at the plaintiff's residence (FAC, ¶ 7);

8. The plaintiff's request that the defendant be ordered to return a garden shed and its contents allegedly taken from the plaintiff's residence or to pay its value to the plaintiff (FAC, ¶ 7);

9. The plaintiff's request that the defendant be required to pay for all of the plaintiff's legal fees, court costs and court expenses due to the defendant's alleged breach of a divorce agreement (FAC, ¶ 1, 10).

The State Law Claims will be dismissed from the adversary proceeding without prejudice because the court abstains from hearing the State Law Claims. Sections 1334(c)(1) and (c)(2) of title 28, United States Code set forth the circumstances under which a bankruptcy court shall or may abstain from hearing a particular proceeding. Sections 1334(c)(1) and (c)(2) state:

(c)(1) Except with respect to a case under chapter 15

of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(1) provides for what is more commonly known as permissive, or discretionary abstention. Section 1334(c)(2) provides for what is more commonly known as mandatory abstention. The mandatory and permissive abstention principles of § 1334 apply only in cases in which there is a related proceeding pending in state court. Security Farms v. International Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1009-10 (9th Cir. 1997).

Mandatory abstention is required if the following six elements are present: 1.) a party has timely moved for abstention, 2.) the proceeding is based upon a state law claim or cause of action, 3.) the claim or cause of action is related to a case under title 11 but is not a proceeding arising under or arising in a title 11 case (i.e., it is not a core proceeding), 4.) no other basis for federal jurisdiction exists, 5.) an action is commenced in state court, and 6.) the matter can be timely adjudicated in a state forum. McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co., 285 B.R. 460, 475 (D. Or. 2002).

Whether a bankruptcy court should exercise its discretion to abstain under § 1334(c)(1) is governed by the application of a multi-factored test. See Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.), 935 F.2d 1071 (9th Cir. 1991), and Christensen v. Tuscon Estates, Inc. (In re Tuscon Estates), 912 F.2d 1162 (9th Cir. 1990). The factors to be applied include the following:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficulty or unsettled nature of the applicable law,

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than form of an asserted 'core' proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden of [the bankruptcy court's] docket,

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.

In this case, the court finds that application of the standards for discretionary abstention is most appropriate. The Complaint alleges at least one claim for relief, for a determination of the secured claim of Deutsche, that arises under the Bankruptcy Code. Therefore, mandatory abstention does not apply.

The court finds that discretionary abstention is appropriate in this case. The plaintiff alleges in the FAC and the plaintiff and the defendant acknowledged at the status conference hearing that they are parties to a marital dissolution proceeding in California state court (the "Dissolution Proceeding"). The State Law Claims are all based on alleged breaches of orders of the state court in the Dissolution Proceeding. The State Law Claims can also be easily severed from the plaintiff's remaining claims

requesting denial of the defendant's discharge under 11 U.S.C. § 727 based on alleged failures to disclose assets in the defendant's bankruptcy case. Considering the foregoing, the court finds that it is more appropriate and efficient for the plaintiff to pursue the State Law Claims in the Dissolution Proceeding

Therefore, based on the foregoing, the court will exercise its discretion to abstain from deciding the State Law Claims in this adversary proceeding. Because the court will abstain from deciding the State Law claims, it will dismiss the State Law Claims without prejudice to the plaintiff pursuing the State Law Claims in the Dissolution Proceeding.

The court will issue a separate order dismissing the State Law Claims that conforms to this decision.

Dated: JUN - 3 2014

BY THE COURT

Thomas C. Holman

Thomas C. Holman
United States Bankruptcy Judge